AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original          ☐ D...

CLERK'S OFFICE
A TRUE COPY
Dec 22, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin



# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>information associated with Optimus GPS Tracking accounts<br>under the email addresses bocruz0218@icloud.com and<br>devon.jackson5@icloud.com, described in Attachment A | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. **23-M-547 (SCD)** |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:    Any authorized law enforcement officer

     An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

     I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

     **YOU ARE COMMANDED** to execute this warrant on or before    **1-5-24**    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

     Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

     The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    **Hon. Stephen C. Dries**   .
*(United States Magistrate Judge)*

     ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
     ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   **12-22-23. 9:50 am**

                                                      *Judge's signature*

City and state:   Milwaukee, Wisconsin              U.S. Magistrate Judge Stephen C. Dries
                                                       *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

<u>**ATTACHMENT A**</u>

**Property to Be Searched**

**Matter No. 2022R00208**

This warrant applies to information associated with the following accounts that is stored at premises owned, maintained, controlled, or operated by Optimus GPS Tracking (hereinafter, "Optimus" or the "Service Provider"), an electronic communications service and/or remote computing service provider headquartered at 15499 SW 12th Street, Suite 509, Sunrise, Florida 33326.

<u>Accounts</u>

- Optimus accounts utilizing the email address bocruz0218@icloud.com

- Optimus accounts utilizing the email address devon.jackson5@icloud.com

<u>Target Devices</u>

- Devices associated with bocruz0218@icloud.com

    o IMEI: 867204060067071

- Devices associated with devon.jackson5@icloud.com

    o IMEI: 867204060116266
    o IMEI: 867204060468170
    o IMEI: 867204060478617
    o IMEI: 867204060124740
    o IMEI: 867204060103249
    o IMEI: 867204060076213
    o IMEI: 867204060088515
    o IMEI: 867204060106481
    o IMEI: 867204060481082
    o IMEI: 867204060466109
    o IMEI: 867204060092202
    o IMEI: 867204060086519
    o IMEI: 867204060068889
    o IMEI: 867204060085206

**ATTACHMENT B**

**Particular Things to be Seized**

**I.**     **Information to be disclosed by Optimus GPS Tracking**

To the extent that the information described in Attachment A is within the possession, custody, or control of Optimus, regardless of whether such information is located within or outside of the United States, and including any records, files, logs, or information that has been deleted but is still available to Optimus, Optimus is required to disclose the following information to the government for each account or identifier listed in Attachment A:

1.     The following subscriber and historical information about the accounts identified in Attachment A:

    a. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

    b. All records or other information stored by an individual using the account;

    c. All historical GPS or other precision location information associated with the account, including information associated with the devices under that account; and

    d. All records pertaining to communications between the Service Provider and any person regarding the account, including contacts with support services and records of actions taken.

2.     Information associated with each transmission to and from the devices associated with the accounts identified in Attachment A, for a period of 30 days from the date of this warrant, including:

    i. Any unique identifiers associated with the cellular device;

    ii. Source and destination numbers or identifiers;

    iii. Date, time, and duration of communication or transmission; and

    iv. All data about the cell towers, sectors, or other means of geolocation to which the target devices or will connect at the beginning and end of each communication or transmission.

2

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with **the target devices**.

3.      Information about the location of **the target devices** for a period of **30 days**, during all times of day and night, to include all available GPS data, latitude-longitude data, and other precise location information.

      i.  To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Service Provider, the Service Provider is required to disclose the Location Information to the government. In addition, the Service Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of **the target devices** on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

**The Provider is hereby ordered to disclose the above information to the government within FOURTEEN (14) DAYS of issuance of this warrant.**

3

**II.  Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 511 (altering or removing vehicle identification numbers), § 1343 (wire fraud), and 18 U.S.C. §§ 2312 and 2313 (transportation of stolen vehicles and sale or receipt of stolen vehicles), during and since the time the accounts in Attachment A were activated, including but not limited to:

(a) Location information associated with the co-conspirators and vehicles targeted for theft, and other preparatory steps taken in furtherance of the scheme;

(b) Evidence indicating how and when the accounts and devices were accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crimes under investigation and to the account owner;

(c) Evidence indicating the account owner's state of mind as it relates to the crimes under investigation;

(d) The identity of the person(s) who created or used the accounts and devices.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

4



CLERK'S OFFICE
A TRUE COPY
Dec 22, 2023
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. **23-M-547 (SCD)**
)
information associated with Optimus GPS Tracking accounts )
under the email addresses bocruz0218@icloud.com and )
devon.jackson5@icloud.com, described in Attachment A )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ❏ contraband, fruits of crime, or other items illegally possessed;
- ❏ property designed for use, intended for use, or used in committing a crime;
- ❏ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC §§ 371, 511,1343, 2312, 2313 | Conspiracy, Altering VINs, Wire Fraud, Interstate Transportation of Stolen Vehicles, Sale/Receipt of Stolen Vehicles |

The application is based on these facts:

See Affidavit

- ❏ Continued on the attached sheet.
- ❏ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____ 12/21/23
*Applicant's signature*

FBI SA Shane Hoffmann
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means)*.

Date: __12-22-23__

_____
*Judge's signature*

City and state: __Milwaukee, Wisconsin__

U.S. Magistrate Judge Stephen C. Dries
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Shane Hoffmann, being first duly sworn, hereby depose and state a follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain account that is stored at premises owned, maintained, controlled, or operated by Optimus GPS Tracking (hereinafter, "Optimus" or the "Service Provider"), an electronic communications service and/or remote computing service provider headquartered at 15499 SW 12th Street, Suite 509, Sunrise, Florida 33326. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Optimus to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. Because this warrant application seeks the prospective collection of information, including GPS location information, that could plausibly fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), I also make this affidavit in support of an application by the United States of America for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from devices associated with the target accounts described in Attachment A.

3. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since September 2015. I am currently assigned to the Milwaukee Division – Madison Resident Agency. Since becoming a Special Agent, I have received specialized training in conducting criminal investigations, and my responsibilities include conducting investigations of alleged criminal violations of federal statutes and laws. I have participated in the execution of search warrants in various judicial districts, including the recovery of records, contraband, and other types of property. I have received training in computer technology, and I have on numerous occasions reviewed the content of targets' phones and computers, email accounts, and social media accounts for evidence of criminal activity.

4. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**TARGET ACCOUNTS**

5. This warrant seeks information from the Optimus accounts utilizing the email addresses **bocruz0218@icloud.com** and **devon.jackson5@icloud.com;** and

6. The GPS tracking devices associated with those accounts (the "Target Devices"), including the following:

- Devices associated with bocruz0218@icloud.com

  o IMEI: 867204060067071

- Devices associated with devon.jackson5@icloud.com

  o IMEI: 867204060116266
  o IMEI: 867204060468170
  o IMEI: 867204060478617
  o IMEI: 867204060124740
  o IMEI: 867204060103249
  o IMEI: 867204060076213
  o IMEI: 867204060088515

2

- o IMEI: 867204060106481
- o IMEI: 867204060481082
- o IMEI: 867204060466109
- o IMEI: 867204060092202
- o IMEI: 867204060086519
- o IMEI: 867204060068889
- o IMEI: 867204060085206

## PROBABLE CAUSE

### *Background*

7.      The United States, including Federal Bureau of Investigation and the Internal Revenue Service, together with state/local law enforcement partners, is conducting a criminal investigation of DIAUNTE D. SHIELDS (DOB: 02/18/1995), and others known and unknown, regarding possible violations of, among other crimes, 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 511 (altering or removing vehicle identification numbers), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. §§ 1956 and 1957 (money laundering and unlawful monetary transactions), and 18 U.S.C. §§ 2312 and 2313 (transportation of stolen vehicles and sale or receipt of stolen vehicles).

8.      More specifically, the investigation has revealed a nationwide criminal enterprise involved in a variety of illicit activities.  The hubs of their conduct include Milwaukee, Wisconsin, Chicago, Illinois, and Atlanta, Georgia.  Chief among the enterprise's activities is the theft and resale of high-end stolen automobiles including Dodge Ram TRXs, Dodge Challenger Hellcats, Cadillac Escalades, Chevrolet Corvettes, Jeep Trackhawks, Jeep SRTs, GMC Yukons, Chevy Suburbans, and others.  The enterprise acquires the vehicles from a variety of sources, including stealing them from private properties, public parking lots including airports, rental car facilities, dealerships, and assembly plants. The vehicles are often stolen utilizing key reprogramming technology.  Investigators have also learned that targets utilize GPS tracking technology to track

3

vehicles targeted for theft. To date, investigators have linked hundreds of stolen vehicles to the group with a value exceeding $10 million dollars. Although the vehicles are often sold well below market value, the actors profit significantly from the resale of vehicles.

9. In addition to their business of stolen vehicle resale, the investigation has shown that members of this enterprise are also linked to drug trafficking, firearm offenses, and a number of financial crimes.

10. Law enforcement has identified DIAUNTE D. SHIELDS as a leader of the organization with activities dating back to at least 2019 and continuing through his arrest on November 29, 2023. Throughout the years, SHIELDS's tactics have evolved, and law enforcement recently discovered that SHIELDS and his associates have expanded their criminal business to include the theft and resale of vehicles that they identify on Turo, a car-sharing marketplace where car owners can rent their vehicles to others.

<u>*Turo Rental Thefts*</u>

11. The FBI and local law enforcement partners have been investigating a series of Chevrolet Corvette and Cadillac Escalade thefts involving Turo vehicle rentals. The thefts share similar characteristics, including that a Corvette or Escalade vehicle is rented from Turo for a couple of days, returned, and then stolen in the days following the return. Investigators have determined that during the initial rental period, SHIELDS and associates affix an Optimus GPS tracking device to the vehicle and program a key for the vehicle. This allows the perpetrators to track the vehicle once returned and find an opportune time to steal the vehicle with the reprogrammed key. To date, investigators have linked the thefts of at least thirteen high-end Turo rental vehicles to SHIELDS, occurring from February 2023 through November 2023. The thefts have occurred in Wisconsin, Illinois, and Georgia.

4

12.     To illustrate, on November 8, 2023, a 2023 Cadillac Escalade was stolen from a residence in Carol Stream, Illinois.  The suspected chase vehicle utilized in the theft (*i.e.*, a car occupied by more than one person, such that one person can exit the chase vehicle to steal and drive away another vehicle) was a gray Dodge Charger Scat Pack, Illinois license plate DJ88796, which was registered to DEAMONTE LEE, an associate of SHIELDS, and was also utilized in a number of other Turo vehicle thefts.  Investigators also observed the gray Dodge Charger Scat Pack in the parking garage of 4747 19th Street, Chicago, Illinois, which was where SHIELDS was staying with his girlfriend, CASHA GRIFFIN, and where both were ultimately arrested on November 29, 2023.

13.     Turo records indicated that JAZMA SMITH rented the 2023 Cadillac Escalade from Octber 29, 2023, through October 31, 2023.  Investigators believe that SMITH is the mother of JALEAN LITTLE, a known associate of SHIELDS.

14.     Upon the return of the 2023 Cadillac Escalade, the owner inspected the vehicle and found a barcode that had been left behind in the rear passenger area that read, "Optimus GB100M 4G LTE…Car's Battery GPS Tracker."  The owner then checked the vehicle's battery and found a black tracking device identified by IMEI 867204060103249. The owner had no knowledge of a tracking device being present on his vehicle prior to the October 29-31, 2023 rental. Despite the owner discovering and removing the tracking device, this vehicle was later stolen from the owner's residence.

15.     Pursuant to a State of Illinois search warrant authorized by the Honorable George Ford on November 22, 2023, Optimus provided GPS coordinates for the device identified by IMEI 867204060103249, which was activated on October 30, 2023, at approximately 3:58 pm.  The first location registered on the device was 42.971896, -87.987262 which resolves to the area of 4003

5

South 58th Street, Milwaukee, Wisconsin, the known address of SHIELDS's other girlfriend, NAKIYA WRIGHT. Phone records for 224-315-2464, a number known to be used by SHIELDS, indicated that the phone with that number used a tower that provides coverage in the area of WRIGHT's residence from approximately 1:05 pm to 4:24 pm on October 30, 2023, before returning to Illinois later in the evening. Based on my training, experience, and knowledge of the case, I believe that SHIELDS affixed the GPS device to the 2023 Cadillac Escalade at WRIGHT's residence in Milwaukee, Wisconsin.

16. Optimus has confirmed the existence of an account in the name NAKIYA WRGHT with an associated email devon.jackson5@icloud.com and phone number 740-789-0119. The investigation has linked both the email and the phone number to DIAUNTE SHIELDS. The associated payment information was a Navy Federal Credit Union Visa debit card linked to WRIGHT. Including the tracker with IMEI 867204060103249, the account had nine active GPS devices associated with it, all with activation dates in 2023.

*SHIELDS's Arrest and Search Warrants on November 29, 2023*

17. On November 29, 2023, law enforcement arrested SHIELDS and CASHA GRIFFIN at 4747 19th Street, Unit 503, Chicago, Illinois. SHIELDS was wanted on three state warrants from Wisconsin, Illinois, and Missouri, and GRIFFIN was arrested on a bail jumping warrant from Kenosha County, Wisconsin. State search warrants were also executed at their residence and three storage units linked to SHIELDS. Numerous items related to vehicle theft and VIN alteration were recovered in addition to suspected narcotics and a firearm.

18. Pursuant to a State of Illinois search warrant authorized by the Honorable George Ford on November 28, 2023, authorities searched Unit 413 located at CubeSmart Self Storage, 2801 Harrison Street, Bellwood, Illinois, on November 29, 2023. Authorities observed SHIELDS

6

utilize this unit on multiple occasions, and the unit was leased in the name of GRIFFIN's mother. Among the items recovered were two new Optimus GPS trackers in packaging that was addressed to "Casha" at 1125 Eastern Avenue, Bellwood, Illinois. Investigators are aware that the address is linked to family members of CASHA GRIFFIN, SHIELDS's girlfriend. Also recovered was a used Optimus tracker with IMEI 867204060468170.

19.     The tracker with IMEI 867204060468170 was one of the nine trackers that Optimus identified as having active subscriptions for the account linked to devon.jackson5@icloud.com. The subscription was created on October 16, 2023. Of note is the fact that on October 16, 2023, NAKIYA WRIGHT rented a 2022 Cadillac Escalade on Turo which was later stolen on November 9, 2023, in West Chicago, Illinois. Based on my training, experience, and knowledge of the case, I believe that the subscription start date matching the Turo rental date is indicative of the referenced tracker being placed on the 2022 Cadillac Escalade that was rented the same day, for use in the later theft of that vehicle.

20.     The investigation has previously linked email account bocruz0218@icloud.com to SHIELDS and obtained a federal search warrant for its contents. A review of emails associated with the account showed that on February 21, 2023, SHIELDS received emails from Optimus including an invoice addressed to "Wright way trans llc" at 4041 North Oakland Avenue, Milwaukee, Wisconsin, for a vehicle GPS tracking subscription from February 21, 2023, to March 21, 2023, and a receipt showing that the subscription fee was paid. The listed business and address have both been connected to NAKIYA WRIGHT, a girlfriend of SHIELDS.

21.     In sum, investigators have determined that two email addresses linked to SHIELDS, devon.jackson5@icloud.com and bocruz0218@icloud.com, have been associated with Optimus Tracking GPS accounts. The investigation has shown that SHIELDS uses the tracking devices to

7

target high end vehicles for theft. Optimus has provided law enforcement with a list of the IMEI numbers for the devices associated with the Target Accounts. These are the Target Devices.

22. With the GPS data maintained by Optimus, investigators will be able to determine the locations of vehicles that are actively being tracked by the enterprise and conduct appropriate intervention. Additionally, historical location data will be used to identify locations utilized by the enterprise leading to a further understanding of participants and locations of criminal conduct. Historical data will also aid in determining other vehicle thefts attributed to the group. While investigators are aware that as of late November 2023 there were nine active GPS subscriptions linked to the targets in this investigation, Optimus has informed investigators that the accounts also contain linked GPS units with subscriptions that are not active. Therefore, this affidavit is requesting subscription information and location data for all GPS units (active and inactive) that have ever been associated with Optimus accounts utilizing the email addresses devon.jackson5@icloud.com and bocruz0218@icloud.com. This includes a request for real-time tracking information for any trackers that are actively being utilized. Investigators are aware of no legitimate purpose for the use of such devices by the targets in this investigation.

## BACKGROUND CONCERNING OPTIMUS GPS TRACKING

23. Optimus GPS Tracking markets and sells physical GPS tracking devices as well as subscription services for obtaining, viewing, and storing coordinate information.

24. According to Optimus's website, https://optimustracker.com/pages/learn, users purchase an Optimus GPS tracking unit from the company and then activate it by paying the monthly recurring subscription. Once the unit is activated, the user gains access to Optimus's GPS tracking website as well as its iPhone or Android app. Trackers use GPS signal to obtain coordinate information and use cellular signal or, depending on the tracker model, other satellites to transmit

8

this information to Optimus's servers. Users access this information through a smartphone app or Optimus's tracking website, along with Google Maps and other tracking tools. The company also provides access to historical data. Position reports are sent every minute when the tracking unit is in movement, and the unit stops reporting when it is standing still to maximize battery life.

25. In my training and experience, and based on the information above, I believe it is likely that the computers of Optimus are likely to contain stored electronic information concerning subscribers and their use of Optimus services, such as account access information and location information.

26. In my training and experience, online or remote computing providers generally ask their subscribers to provide certain personal identifying information when registering for an account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

27. In my training and experience, providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the

9

account.  In addition, providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

28.     In my training and experience, in some cases, users of remote computing services will sometimes communicate directly with a service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users.  Providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

29.     As explained herein, information stored in connection with an account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, the information stored in connection with a remote computing account can indicate who has used or controlled the account.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. Further, information maintained by the provider can show how and when the account was accessed or used.  By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner.

10

Additionally, information stored at the user's account may further indicate the geographic location of the account user, or the GPS device, at a particular time.

## **CONCLUSION**

30. Based on the forgoing, I request that the Court issue the proposed search warrant.

31. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Optimus. Because the warrant will be served on Optimus, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

11

<u>**ATTACHMENT A**</u>

**Property to Be Searched**

**Matter No. 2022R00208**

This warrant applies to information associated with the following accounts that is stored at premises owned, maintained, controlled, or operated by Optimus GPS Tracking (hereinafter, "Optimus" or the "Service Provider"), an electronic communications service and/or remote computing service provider headquartered at 15499 SW 12th Street, Suite 509, Sunrise, Florida 33326.

<u>Accounts</u>

- Optimus accounts utilizing the email address bocruz0218@icloud.com

- Optimus accounts utilizing the email address devon.jackson5@icloud.com

<u>Target Devices</u>

- Devices associated with bocruz0218@icloud.com

  - IMEI: 867204060067071

- Devices associated with devon.jackson5@icloud.com

  - IMEI: 867204060116266
  - IMEI: 867204060468170
  - IMEI: 867204060478617
  - IMEI: 867204060124740
  - IMEI: 867204060103249
  - IMEI: 867204060076213
  - IMEI: 867204060088515
  - IMEI: 867204060106481
  - IMEI: 867204060481082
  - IMEI: 867204060466109
  - IMEI: 867204060092202
  - IMEI: 867204060086519
  - IMEI: 867204060068889
  - IMEI: 867204060085206

## ATTACHMENT B

### Particular Things to be Seized

**I.**      **Information to be disclosed by Optimus GPS Tracking**

To the extent that the information described in Attachment A is within the possession, custody, or control of Optimus, regardless of whether such information is located within or outside of the United States, and including any records, files, logs, or information that has been deleted but is still available to Optimus, Optimus is required to disclose the following information to the government for each account or identifier listed in Attachment A:

1.      The following subscriber and historical information about the accounts identified in Attachment A:

       a. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

       b. All records or other information stored by an individual using the account;

       c. All historical GPS or other precision location information associated with the account, including information associated with the devices under that account; and

       d. All records pertaining to communications between the Service Provider and any person regarding the account, including contacts with support services and records of actions taken.

2.      Information associated with each transmission to and from the devices associated with the accounts identified in Attachment A, for a period of 30 days from the date of this warrant, including:

         i. Any unique identifiers associated with the cellular device;

        ii. Source and destination numbers or identifiers;

       iii. Date, time, and duration of communication or transmission; and

       iv. All data about the cell towers, sectors, or other means of geolocation to which the target devices or will connect at the beginning and end of each communication or transmission.

2

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with **the target devices**.

3. <u>Information about the location of **the target devices** for a period of **30 days**, during all times of day and night, to include all available GPS data, latitude-longitude data, and other precise location information</u>.

      i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Service Provider, the Service Provider is required to disclose the Location Information to the government. In addition, the Service Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of **the target devices** on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

**The Provider is hereby ordered to disclose the above information to the government within FOURTEEN (14) DAYS of issuance of this warrant.**

3

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 511 (altering or removing vehicle identification numbers), § 1343 (wire fraud), and 18 U.S.C. §§ 2312 and 2313 (transportation of stolen vehicles and sale or receipt of stolen vehicles), during and since the time the accounts in Attachment A were activated, including but not limited to:

(a) Location information associated with the co-conspirators and vehicles targeted for theft, and other preparatory steps taken in furtherance of the scheme;

(b) Evidence indicating how and when the accounts and devices were accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crimes under investigation and to the account owner;

(c) Evidence indicating the account owner's state of mind as it relates to the crimes under investigation;

(d) The identity of the person(s) who created or used the accounts and devices.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

4